**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1608**

MELVIN VLADIMIR URRUTIA, a/k/a Melvin Urruitia,

      Petitioner,

      v.

WILLIAM P. BARR, Attorney General; CHAD WOLF, Acting Secretary of Homeland Security,

      Respondents.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: November 27, 2019                 Decided: December 11, 2019

Before MOTZ and AGEE, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Raymond O. Griffith, LAW OFFICES OF RAYMOND O. GRIFFITH, P.A., Baltimore, Maryland, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Carl McIntyre, Assistant Director, Margaret A. O'Donnell, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melvin Vladimir Urrutia, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the Immigration Judge's denial of Urrutia's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have reviewed the record, including the transcript of Urrutia's merits hearing before the immigration court and all supporting evidence. We conclude that we lack jurisdiction to review the Immigration Judge's finding, affirmed by the Board, that Urrutia's asylum application is time-barred. *See* 8 U.S.C. § 1158(a)(3) (2018); *Mulyani v. Holder*, 771 F.3d 190, 197 (4th Cir. 2014) (noting that the express language of 8 U.S.C. § 1158(a)(3) prevents appellate review of the immigration judge's factual finding that applicant did not establish changed or extraordinary circumstances). Accordingly, we dismiss in part the petition for review.

Concerning the denial of withholding of removal and protection under the CAT, we conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B) (2018)—including the adverse credibility finding[*]—and that substantial evidence supports the denial of these forms of relief, *see Cortez-Mendez v. Whitaker*, 912 F.3d 205, 208-11 (4th Cir. 2019) (conducting substantial evidence review of the agency's denial of petitioner's claim for withholding of removal); *see also Rodriguez-Arias v. Whitaker*, 915 F.3d 968, 972 (4th

---

[*] We review credibility determinations for substantial evidence, affording broad—though not unlimited—deference to the agency's credibility findings. *Ilunga v. Holder*, 777 F.3d 199, 206 (4th Cir. 2015); *Camara v. Ashcroft*, 378 F.3d 361, 367 (4th Cir. 2004).

Cir. 2019) (reviewing the factual findings underpinning the denial of petitioner's CAT claim for substantial evidence). Specifically, the Board agreed with the inconsistencies identified by the Immigration Judge in reaching the adverse credibility determination and held, based on a totality of the circumstances, there was no clear error in that ruling. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (2018); 8 C.F.R. § 1003.1(d)(3)(i) (2019) (setting forth the Board's standard of review for factual findings, including credibility determinations). Upon review, we conclude that substantial evidence supports this determination, which was fatal to Urrutia's claim for withholding of removal. *See Ilunga*, 777 F.3d at 207 (recognizing that "omissions, inconsistent statements, contradictory evidence, and inherently improbable testimony are appropriate bases for making an adverse credibility determination" (internal quotation marks omitted)).

Accordingly, we dismiss the petition for review in part for lack of jurisdiction and deny the petition in part for the reasons stated by the Board. *See In re Urrutia* (B.I.A. May 9, 2019). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART,*
*DENIED IN PART*